■ LORRAINE EVANS, Respondent, v JOHN CRAIG et al., Appellants. [807 NYS2d 417]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (Owen, J.), dated July 23, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of the United States Postal Service, was allegedly injured by the defendants' dog when she was delivering mail to the defendants' home. The dog allegedly ran out of the defendants' house and jumped on her. The plaintiff subsequently commenced this negligence action to recover damages for her injuries, alleging that the defendants were negligent in failing to secure and control their dog. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We affirm.

The defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law. The plaintiff relied on a common-law negligence theory. Thus, the issue is whether or not the defendants breached a duty of

care owed to the plaintiff by negligently failing to take reasonable measures to prevent a foreseeable injury (see Colarusso v Dunne, 286 AD2d 37 [2001]; see also Parente v Chavez, 17 AD3d 648, 650 [2005]).

The defendants correctly contend that Town of New Windsor Code § 14-5, which prohibits unleashed dogs in public places including public streets, is inapplicable under the facts of this case on the ground that there was no evidence that the dog was off the defendants' property on a public street.

However, the defendants' deposition testimony indicates that the dog would jump up on his hind legs, and would not respond to commands to return to the house. The defendants claimed that they exercised precautions in restraining their 100-pound dog in the backyard whenever strangers came to the door. However, those precautions were not taken on the instant occasion. Further, the deposition testimony indicated that the 81-year-old defendant, John Craig, had difficulty controlling the dog on his own. Based upon the defendants' deposition testimony, there are triable issues of fact, inter alia, as to whether the defendants should have been aware of a potential danger and whether the defendants took proper precautions under the circumstances (see Goldberg v LoRusso, 288 AD2d 257 [2001]). Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.